Case No. 25-983

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**MAXIMILIAN KLEIN, SARAH GRABERT, RACHEL BANKS
KUPCHO, on behalf of themselves and all others similarly situated,
PLAINTIFFS-PETITIONERS,
v.
META PLATFORMS, INC.,
DEFENDANT-RESPONDENT**

**On Appeal from the United States District Court for the Northern District
of California
Case No. 3:20-cv-08570-JD**

**NON-PARTY SNAP INC.'S UNOPPOSED MOTION TO INTERVENE
AND TO SEAL
[REDACTED VERSION]**

David O'Neil
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-8040

Nicholas Folly
Ben Stollman
**DEBEVOISE & PLIMPTON LLP**
650 California Street, Fl 31
San Francisco, California 94108
(415) 738-5700
*Attorneys for Non-Party Snap*

i

## CORPORATE DISCLOSURE STATEMENT

Non-party Snap Inc. ("Snap") is a publicly traded corporation and has no parent corporation. In November 2017, Tencent Holdings Limited informed Snap that it had purchased 10% or more of Snap's capital stock. In October 2022, FMR LLC filed a Schedule 13G with the Securities and Exchange Commission stating that it owns over 10% of Snap Class A common stock (and reconfirmed that it owns more than 10% of Snap Class A common stock in February 2023 and February 2024 Schedule 13G/A filings). FMR LLC made its February 2024 filing as a parent holding company on behalf of the following subsidiaries: (1) FIAM LLC; (2) Fidelity Institutional Asset Management Trust Company; (3) Fidelity Management & Research Company LLC; (4) Fidelity Management Trust Company; and (5) Strategic Advisers LLC. FMR LLC also made its October 2022 and its February 2023 filings as a parent holding company on behalf of the following subsidiary: Fidelity Management & Research (Hong Kong) Limited.

## I.   INTRODUCTION

Pursuant to Federal Rule of Procedure 24(a)(2) and Ninth Circuit Rule of Appellate Procedure 27-13(e), Snap submits this unopposed motion to intervene and to seal two sentences included in the Excerpts of Record filed concurrently with Plaintiffs' Petition for Permission to Appeal Order Denying Class Certification (the "Petition").  *See Klein, et al. v. Meta Platforms, Inc.*, 25-983 (9th Cir. filed Feb. 14, 2025), Dkt. 4.  The narrowly tailored relief sought by Snap is necessary to maintain the confidentiality of competitively sensitive business information contained in the Petition.[1]  If the Confidential Information were filed publicly, it would put Snap at a competitive disadvantage and harm its competitive standing.   Accordingly, Snap

---

[1] Specifically, Snap seeks to seal two sentences that appear in Plaintiffs' Excerpts of Record filed with the Petition.  The first sentence appears at ER155 ¶ 35 (including n.38) and states ████████████████████████ ████████████████████████ ("Confidential Sentence One").  The second sentence appears in a footnote at ER160 and states ████████████████████████ ████████████████████████ ("Confidential Sentence Two," collectively with Confidential Sentence One, the "Confidential Information.").  Snap also seeks permission to maintain the redacted sentences of the publicly docketed version of this motion that refer to the Confidential Information under seal, for the same reasons that Snap seeks to seal the Confidential Information.

respectfully requests that this Court maintain the Confidential Information under seal.[2]

## II.  PROCEDURAL HISTORY

On January 24, 2025, Judge James Donato denied Plaintiffs' motion for class certification.  *See Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal. filed Dec. 3, 2020), Dkt. 885.  On February 7, 2025, Plaintiffs filed a Petition for Permission to Appeal Order Denying Class Certification (the "Prior Petition").  *See Klein v. Meta Platforms, Inc.*, No. 25-853 (9th Cir. filed Feb. 7, 2025), Dkt. 3.  Throughout the Prior Petition, Plaintiffs cite to Excerpts of Record, portions of which include Snap's confidential business

---

[2] Snap submits this unopposed request to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) so that it may file this motion to seal.  An intervenor must show that its motion is "timely," that it has a "significantly protectable interest relating to the subject of the action," that it is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," and its interest is "inadequately represented by the parties to the action."  *See Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (internal quotations omitted).  Snap meets all criterion.  *See* Declaration of David O'Neil In Support of Motion to Intervene and Motion to Seal ("O'Neil Decl.") at ¶¶ 6-10.  As outlined in greater detail below, Snap's privacy interests are directly threatened by the possibility of this Court unsealing the Confidential Information.  In order to protect its interests, Snap respectfully requests that this Court grant its motion to intervene.

information. To date, that confidential information has remained under seal in the district court pursuant to a series of joint administrative motions to seal. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal. filed Dec. 3, 2020), Dkt. 866.

On February 13, 2025, Judge Donato issued an Amended Order correcting certain typographical errors but otherwise maintaining its holding denying the motion for class certification. *See id.*, Dkt. 905. Plaintiffs filed an amended Petition on February 13, 2025 (i.e., the Petition), which was functionally identical to the Prior Petition, and included the same Confidential Information as the Prior Petition, but instead sought permission to appeal the denial of class certification as reflected in the Amended Order.[3] Neither Plaintiffs nor Defendant Meta Platforms, Inc. oppose Snap's motion to intervene and to seal the Confidential Information.

## III.    LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto*

---

[3] Snap is filing a separate motion on that docket to seal the Confidential Information that appears in the Prior Petition.

3

*Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). While there is a strong presumption in favor of access to court records, that presumption is not absolute. *See id.* Depending on the nature of the documents at issue, courts apply one of two standards to determine if sealing is appropriate: the 'compelling reasons' standard, or the 'good cause' standard. Here, Plaintiffs' underlying motion for class certification was not a dispositive motion and the good cause standard therefore applies.[4] However, because Snap meets both standards, the Court need not determine which standard applies to resolve this motion. Indeed, under either standard, Courts

---

[4] While the Ninth Circuit has not determined whether a motion for class certification is a non-dispositive motion subject to the "good cause" standard, or a dispositive motion subject to the "compelling reasons" standard, *True Health Chiropractic Inc. v. McKesson Corp.*, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019), the "vast majority" of courts within this Circuit treat motions for class certification as non-dispositive motions to which the "good cause" standard applies. *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163770, at *2 n.1 (N.D. Cal. Jan 15, 2013) (compiling cases, but acknowledging that there "may be circumstances in which a motion for class certification is case dispositive."); *see also Health v. Google LLC*, 2018 WL 11465387, at *2 (N.D. Cal. June 22, 2018). Here, where the motion at issue is a petition for permission to *appeal* the denial of class certification, there is an even stronger basis for the Court to apply the good cause standard.

4

have found that it is appropriate to seal the type of confidential business information that Snap seeks to seal here, especially when the information belongs to a third-party like Snap.

### A.     The 'Good Cause' Standard

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [attached] to a non-dispositive motion such that the usual presumption of the public's right of access is rebutted." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted). This exception exists because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. (internal quotation marks omitted). Parties moving to seal documents attached to such non-dispositive motions must show 'good cause' under Federal Rule of Civil Procedure 26(c), *Id.*, which requires a particularized showing that specific prejudice or harm will result if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

There is good cause to seal materials where such sealing would "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense." *Chrysler Grp., LLC*, 809 F.3d at 1097 (citing Fed. R. Civ. Proc. 26(c)(1)). Under Rule 26, courts have "broad latitude" to grant protective orders to prevent "disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Gen. Motors Corp.*, 307 F.3d at 1211. Indeed, courts routinely find good cause to seal "confidential product and business information which [was] not intended for public disclosure." *See Finisar Corp. v. Nistica, Inc*., 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015); s*ee also Rodman v. Safeway Inc.*, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (granting "narrowly tailored" request to seal nonpublic information discussing pricing strategy, business decision-making, customer research, and financial records).

### B.    The 'Compelling Reasons' Standard

For certain types of filings, including dispositive motions, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. Under this standard, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis

6

or conjecture." *Chrysler Grp., LLC*, 809 F.3d at 1096-97 (internal quotation marks omitted). The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. *See id.* at 1097.

As relevant here, Courts have found that there are compelling reasons that warrant sealing when the records include commercially sensitive business information, such as "sources of business information that might harm a litigant's competitive standing." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *see also In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Nixon,* 435 U.S. at 598) (the "common law right of inspection has bowed before the power of a court to insure that its records are not used. . . as sources of business information that might harm a litigant's competitive standing."). Further, Courts often seek to protect the privacy interests of non-parties, who can demonstrate "'compelling reasons' where they seek to seal information that "plainly falls within the definition of 'trade secrets.'" *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (citing *Kamakana,* 447 F.3d at 1179); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6615298, at *3 (N.D. Cal. Dec. 17, 2018) (finding

7

that compelling reasons existed to seal "competitively sensitive business information" where several non-parties sought to seal such information).

## IV.    ARGUMENT

There is good cause (and compelling reasons) to keep Snap's Confidential Information under seal. While the relief sought by Snap is narrow—indeed, this motion only seeks to seal *two sentences*—the harm that Snap will suffer if the Confidential Information is disclosed is significant and will place Snap at a competitive disadvantage. The Court should accordingly grant Snap's unopposed motion to seal.

### A. There is Both Good Cause and Compelling Reasons to Keep Snap's Confidential Information Under Seal.

Snap seeks to seal two discrete sentences (i.e., the Confidential Information), both of which reflect Snap's confidential business information and would place Snap at a competitive disadvantage if disclosed. These two sentences contain confidential information about Snap's internal research and analyses on how Snap users use and interact with its products. Specifically, Confidential Sentence One contains granular data about ████████████

8

██████████████████████████████ Confidential Sentence Two

contains a breakdown of ████████████████ The data and research

contained in the Confidential Information relate to Snap's proprietary, non-

public methods and processes to track and collect information about its users,

as well as granular details about Snapchat users' behavior. This information

is used by Snap to analyze its products and services, develop new products

and services, and anticipate changes in the markets for advertising and

attention platforms. Snap treats this data and analysis as strictly confidential

and has never allowed for its disclosure. If disclosed, competitors could use

such data to Snap's competitive disadvantage.

Accordingly, there is good cause to seal the Confidential Information,

which constitutes "confidential product and business information which [was]

not intended for public disclosure." *Finisar Corp.*, 2015 WL 3988132, at *4;

██████████████████████████████████████████

██████████████████████████████████████████

see also *Rodman*, 2015 WL 13673842, at *2 (granting "narrowly tailored" request to seal nonpublic information discussing pricing strategy, business decision-making, customer research, and financial records). Courts routinely grant motions like Snap's that seek to seal product and customer-specific data and analyses, based on the likelihood that such disclosure could cause competitive harm. *See, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (sealing "product-specific customer data that could be used to the company's competitive disadvantage," including information about which customers were targeted, the "specific amounts of [the company's] business attributable to [certain] customers," "nonpublic financial information . . . related to specific customers," and the percentage of business attributable to certain customers); *Continental Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (sealing "number of customers using [a party's] products"). There is accordingly good cause here to seal the Confidential Information.

This Court has likewise found that sealing of this type of confidential business information is warranted under the 'compelling reasons' standard. For example, in *In re Elec. Arts, Inc.*, a non-party, Electronic Arts ("EA"),

10

appealed the trial court's denial of its motion to seal confidential pricing information. *See In re Elec. Arts, Inc.,* 298 F. App'x at 569. EA sought to seal pricing terms, royalty rates, and payment terms found in a licensing agreement, which this Court held is "the precise sort of information" that "might harm a litigant's competitive standing." *See id.* (citing *Nixon*, 435 U.S. at 598). This Court further explained that such information "plainly falls within the definition of trade secrets," which includes "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citing Restatement (First) of Torts § 757, cmt. b (AM. L. INST. 1939)). Accordingly, this Court granted EA's petition for writ of mandamus and ordered that the trial exhibit at issue "shall be filed under seal[.]" *Id.*

The facts and confidentiality concerns here are similar. Snap, like EA, is a non-party to this litigation, and Snap has been commanded to produce highly confidential documents pursuant to discovery requests and subpoenas (with which Snap has fully complied). Snap therefore seeks to seal its confidential business information, disclosure of which would cause it competitive harm. As noted above, Snap does not publicly disclose the type

11

of information contained in the Confidential Information, such as the breakdown of ███████████████████ nor whether its users ████████████ ███████ Both are highly sensitive and commercially valuable datapoints which directly affect Snap's marketing, advertising, and business strategy. The compilation of that information, and Snap's maintenance of that information as highly confidential, demonstrates that it "plainly falls within the definition of trade secrets," the disclosure of which would harm Snap's competitive standing. *See id.* There are accordingly compelling reasons for this Court to maintain the Confidential Information under seal.

### B.  Snap's Request is Narrowly Tailored

While Plaintiffs include in their Petition five references to Snap's confidential business information, Snap only seeks to seal two sentences.  *See* Ex. A.  Putting this in perspective, these two sentences constitute a fraction of the Excerpts of Record filed by Plaintiffs, which spans over two hundred pages.  Snap's request is therefore narrowly tailored as required by the Ninth Circuit's local rules and provides the least restrictive means of protecting Snap's confidential business information.  *See* Ninth Circuit Rule of Procedure 27-13(e) (providing examples of the "least restrictive scope of sealing," including "propos[ing] redaction of a single paragraph or limit[ing] the request to a portion of a [document]."

13

## V. CONCLUSION

For the foregoing reasons, Snap respectfully requests that the Court grant its motion to intervene and to maintain the Confidential Information in the Petition under seal.

Dated:       February 27, 2025

DEBEVOISE & PLIMPTON LLP

By: _/s/_ David O'Neil
      David O'Neil
      (daoneil@debevoise.com)
      801 Pennsylvania Avenue NW
      Washington, DC 20004
      (202) 383-8040

      Nicholas Folly
      Ben Stollman
      650 California Street, Fl 31
      San Francisco, California 94108
      (415) 738-5700

      *Attorneys for Non-Party Snap*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2025, the foregoing document was served on counsel for Meta Platforms, Inc. and Plaintiffs via electronic mail at the following email addresses with counsel's consent:

Counsel for Plaintiffs:

Laura Pedersen: laurap@hbsslaw.com
Shana Scarlett: shanas@hbsslaw.com
Brian Clark: bdclark@locklaw.com
Kyle Pozan: kjpozan@locklaw.com
Kevin Teruya: kevinteruya@quinnemanuel.com
Adam Wolfson: adamwolfson@quinnemanuel.com
Brantley Pepperman: brantleypepperman@quinnemanuel.com
Claire Hausman: clairehausman@quinnemanuel.com


Counsel for Meta Platforms, Inc.:

Justin Berg: jberg@kellogghansen.com
Ana Paul: apaul@kellogghansen.com


*/s/* David O'Neil
David O'Neil
daoneil@debevoise.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

This document contain 2,627 words, which complies with the word limit of Ninth Circuit Rule 32-1.

<u>*/s/* David O'Neil</u>
David O'Neil

1
2
3
4

DAVID O'NEIL (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue NW
Washington, DC 20004
(202) 383-8040
daoneil@debevoise.com

5

Attorney for Non-Party Snap, Inc.

6

7

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

8

9

10
11

MAXIMILIAN KLEIN, et al., on
behalf of themselves and all others
similarly situated,

12

Plaintiffs,

13

v.

14

15
16

META PLATFORMS, INC., a
Delaware Corporation,

Defendant.

17

18

19

Case No. 25-983

**DECLARATION OF DAVID O'NEIL
IN SUPPORT OF UNOPPOSED
MOTION TO INTERVENE AND
MOTION TO SEAL**

20

21

22

23

24

25

26

27

28

I, David O'Neil, declare as follows:

1. I am an attorney at Debevoise & Plimpton LLP and am counsel for Non-Party Snap Inc. ("Snap") in the above-captioned matter. I submit this Declaration in support of Snap's Motion to Intervene and to Seal (the "Motion"). I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

2. Plaintiffs and Meta Platforms Inc. do not oppose the Motion.

3. On January 24, 2025, District Judge James Donato denied Plaintiffs' motion for class certification. *See Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal. filed Dec. 3, 2020), Dkt. 885. On February 7, 2025, Plaintiffs filed a Petition for Permission to Appeal Order Denying Class Certification (the "Petition"). *Klein, et al. v. Meta Platforms, Inc.*, 25-853 (9th Cir. filed Feb. 7, 2025), Dkt. 3. Plaintiffs filed an amended Petition on February 13, 2025 (the "Amended Petition"), which was functionally identical to the Petition. *Klein, et al. v. Meta Platforms, Inc.*, 25-983 (9th Cir. filed Feb. 14, 2025), Dkt. 4. Throughout the Petition and the Amended Petition, Plaintiffs cite to Excerpts of Record, portions of which include Snap's confidential business information (the "Confidential Information").

4. The data and research contained in the Confidential Information relate to Snap's proprietary, non-public methods and processes to track and collect information about its users, as well as granular details about Snapchat users' behavior. This information is used by Snap to analyze its products and services, develop new products and services, and anticipate changes in the markets for advertising and attention platforms. Snap treats this data and analysis as strictly confidential and has never allowed for its disclosure. If disclosed, competitors could use such data to Snap's competitive disadvantage.

5. Absent an order from the Court sealing this information, the Confidential Information will be filed publicly. Snap is accordingly moving to intervene so that

-1-

it can maintain its privacy interest in the Confidential Information through its motion to seal the Confidential Information.

6. Snap is entitled to intervene in this matter as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), as its motion is "timely," it has a "significantly protectable interest relating to the subject of the action," it is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," and its interest is "inadequately represented by the parties to the action." *See Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (internal quotations omitted).

7. Snap's motion to intervene is timely. Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected by the parties, which in this case, was the filing of the Petition. *See id.* at 823. For that same reason, there is no prejudice posed by Snap's motion. *See id.* at 825. Further, the stage of proceeding favors intervention, as a "change in circumstances occur[ed]," which is "the major reason for the motion to intervene." *Id.* at 827(quoting *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). Because Snap's rights will not be protected in this Court absent its intervention, this factor favors intervention.

8. Snap has a significant protectable interest in the action because it asserts a privacy interest protected under law and there is a relationship between that privacy interest and Plaintiffs' claim. *See id.* at 827. Specifically, in the Petition and the Amended Petition, Plaintiffs rely on Snap's highly confidential business information and trade secrets to support their claims against Meta Platforms, Inc.

9. Snap's ability to protect its privacy interests will be impeded if this Court does not allow it to intervene and move to seal its confidential information. Indeed, pursuant to Ninth Circuit Rule of Appellate Procedure 27-13(g), absent a motion or notice to seal, the records may be unsealed without notice and the records will be made available to the public.

DECL. OF DAVID O'NEIL ISO MOTION TO INTERVENE AND SEAL                    CASE NO. 25-983

10. Finally, intervention is appropriate where the existing parties "*may* not represent [a non-party's] interests adequately." *See id.* at 828. This is particularly true where there is a non-party like Snap that is "uniquely well-positioned to explain the commercial significance of the documents" at issue, and where the existing parties to the case "may not." *See id.* That is plainly the case here, where the parties to the litigation have no independent interest in protecting Snap's Confidential Information.

11. Pursuant to Ninth Circuit Rule of Procedure 27-13(e), parties may seek sealing of any document or portion of document at issue on appeal by showing there is a risk of irreparable injury. As noted above, Snap's Motion concerns competitively sensitive business information contained in the Petition and Amended Petition, disclosure of which will place Snap at a competitive disadvantage. The competitively sensitive information contained in the Confidential Information is not publicly disclosed by Snap and constitutes highly sensitive and commercially valuable datapoints which directly affect Snap's marketing, advertising, and business strategy. Disclosure of such information would harm Snap's competitive standing.

-3-

1    12. Snap's motion to seal is narrowly tailored, as required by Ninth Circuit

2    Rule of Procedure 27-13(e).  Snap only seeks to seal two sentences in Plaintiffs'

3    Excerpts of Record, which spans over two hundred pages.  There are no less

4    restrictive alternatives available to protect the Confidential Information.

5

6        I declare under penalty of perjury that the foregoing is true and correct.

7    Executed this 27th day of February, 2025, in Washington, D.C.

8

9                              By: /s/ David O'Neil
                                    David O'Neil

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-