No. 25-983

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MAXIMILIAN KLEIN, SARAH GRABERT, RACHEL BANKS KUPCHO,
on behalf of themselves and all others similarly situated,
*Plaintiffs-Petitioners*,

v.

META PLATFORMS, INC.,
*Defendant-Respondent*.

From an Order Denying Class Certification Entered by the United States District Court for the Northern District of California, Case No. 3:20-cv-08570-JD
The Honorable James Donato

**NON-PARTY MICROSOFT CORPORATION'S UNOPPOSED MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Amy W. Ray
Emily Luken
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: 202-339-8400
Facsimile: 202-339-8500
amyray@orrick.com
eluken@orrick.com

*Attorneys for Non-Party Microsoft Corporation*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................ 1
II. ARGUMENT ....................................................................................................... 1
III. CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016) ...................................................................... 1, 2, 4

*Davis v. Soc. Serv. Coordinators, Inc.*,
   No. 10-CV-02372, 2012 WL 1940677 (E.D. Cal. May 29, 2012) ........................ 5

*In re Elec. Arts, Inc.*,
   298 F. App'x 568 (9th Cir. 2008) ........................................................................ 5

*Epic Games, Inc. v. Apple Inc.*,
   No. 20-cv-05640, 2021 WL 1925460 (N.D. Cal. Apr. 30, 2021) ......................... 2

*Exeltis USA Inc. v. First Databank, Inc.*,
   No. 17-cv-04810, 2020 WL 2838812 (N.D. Cal. June 1, 2020) .......................... 2

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ............................................................................. 2

*Hadley v. Kellogg Sales Co.*,
   2018 WL 7814785 (N.D. Cal. Sep. 5, 2018) ....................................................... 4

*Kamakana v. City & Cty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ......................................................................... 1, 3

*Krommenhock v. Post Foods, LLC*,
   334 F.R.D. 552 (N.D. Cal. 2020) ........................................................................ 3

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) .......................................................................................... 2, 4

*In re Qualcomm Litig.*,
   No. 17-cv-0108, 2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) ............................ 2

*United States v. Bazaarvoice, Inc.*,
   No. 13-cv-00133, 2014 WL 11297188 (N.D. Cal. Jan. 21, 2014) ....................... 2

**Other Authorities**

Ninth Circuit Rule 27-1(2) ........................................................................................ 1

Ninth Circuit Rule 27-13 .......................................................................................... 1

## I. INTRODUCTION

Pursuant to Ninth Circuit Rule 27-13, non-party Microsoft Corporation ("Microsoft"), through its undersigned counsel, files this motion to respectfully request continued sealing of Microsoft's highly confidential information contained in portions of the Excerpts of Record listed in Plaintiffs-Petitioners' Notice of Intent to Seal (Dkt. 4). For the reasons stated below, Microsoft requests that the Court seal language contained in three lines total of both the July 27, 2023 Expert Declaration of Dr. Nicholas Economides ("July 27, 2023 Economides Report") and the May 24, 2024 Abridged Expert Declaration of Dr. Nicholas Economides ("May 24, 2024 Economides Report") (both contained in Volume 2 of the Excerpts of Record) to continue the protection of Microsoft's highly confidential, commercially sensitive business information. As more fully described below, this limited request is narrowly tailored and applies to less text than Plaintiffs-Petitioners originally submitted under seal.

Pursuant to Ninth Circuit Rule 27-1(2), neither Plaintiffs-Petitioners nor Defendant-Respondent opposes this motion.

## II. ARGUMENT

It is well established that public "access to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016);

1

*Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). Indeed, this Court has recognized that "'sources of business information that might harm a litigant's competitive standing'" can sufficiently support a request to seal. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). For this reason, "[c]ourts have found that 'confidential business information' in the form of . . . business strategies' satisfies the 'compelling reasons' standard" to warrant sealing. *Exeltis USA Inc. v. First Databank, Inc*., No. 17-cv-04810, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (quoting *In re Qualcomm Litig*., No. 17-cv-0108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)).

Where, as here, the "information concerns third parties," "the standard is more lenient." *Epic Games, Inc. v. Apple In*c., No. 20-cv-05640, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021). This leniency applies because non-parties like Microsoft "did not voluntarily put [their information] at issue in this litigation." *United States v. Bazaarvoice, Inc*., No. 13-cv-00133, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

Microsoft's request meets the "compelling reasons" standard to justify sealing, which is appropriately relaxed for third parties. *See id.* Specifically, Microsoft seeks to seal a single sentence contained in two different versions of an expert report that quotes from a Microsoft document containing information that has

2

"traditionally been kept secret for important policy reasons."[1] *Kamakana*, 447 F.3d at 1185 (internal quotations omitted). Microsoft's request is supported by the accompanying declaration of Erin Flaucher ("Flaucher Decl."), which attests "the precise information at issue is confidential and not publicly known, and identifying the competitive harm that would likely flow from public disclosure of that precise information." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020).

Specifically, Microsoft requests to seal language contained in three total lines from the July 27, 2023 Economides Report and the May 24, 2024 Economides Report that quotes from and characterizes a confidential Microsoft document describing Microsoft's internal assessment and business strategy regarding data privacy. Flaucher Decl. ¶¶ 4-5. The quotations reveal highly confidential, competitively sensitive information detailing Microsoft's consideration of corporate strategy as it relates to data privacy and protections. *Id.* ¶¶ 5-6. Microsoft maintains confidentiality over this information, and the disclosure of it to Microsoft's competitors could cause significant competitive harm to Microsoft, including by way of competitors leveraging this information to gain an unfair advantage over Microsoft and disadvantage Microsoft in its efforts to effectively run its business.

---

[1] Microsoft requested sealing over this material at the district court level. *See* Case 3:20-cv-8570 (N.D. Cal.), Dkt. 711-7, Dkt. 832-7, Dkt. 869. The district court has not issued any relevant rulings.

3

*Id.* ¶ 6. The exact sources of information and Microsoft's requested redactions are as follows:

| Document | Page | Proposed Redaction |
|---|---|---|
| July 27, 2023 Economides Report | p. 125 (ER 139) | Redact language following "for example, Microsoft's own explorations explained that" until "emphasis added" that characterizes and quotes from MS-LIT_0000014792 at Slide 6 (referenced in footnote 627). |
| May 24, 2024 Economides Report | p. 29[2] | Redact language following "Microsoft's own analyses explained that" until "emphasis added" that characterizes and quotes from MS-LIT_0000014792 at Slide 6 (referenced in footnote 148). |

In short, this is precisely the sort of request for sealing of highly confidential business information that is regularly permitted because there are compelling reasons to keep from public disclosure "sources of business information that might harm a [corporation]'s competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598). Courts regularly seal material such as Microsoft's document at issue here that contains "information about [a corporation's] business strategies and internal decision making" because disclosure may cause competitive harm. *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sep. 5, 2018). If the information were to become unsealed, it would enable Microsoft's

---

[2] The version of the Excerpts of Records Plaintiffs-Petitioners provided Microsoft did not have a corresponding ER number for the May 24, 2024 Economides Report.

4

competitors "to reap the benefit of [it] . . . without having to incur the costs associated with developing [it]." *See Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-CV-02372, 2012 WL 1940677, at *2 (E.D. Cal. May 29, 2012).

Additionally, Microsoft's request to seal is limited and narrowly tailored to sufficiently protect its confidential business information. Microsoft's request here applies to less text than what Plaintiffs-Petitioners originally submitted under seal.[3] Moreover, there is no less restrictive means available to protect Microsoft's confidential information. Microsoft is a non-party that complied with its legal obligations to respond to the parties' subpoenas at the trial court level. Flaucher Decl. ¶ 3. Microsoft now faces the prospect of being materially disadvantaged in the marketplace if Microsoft's confidential information does not remain under seal. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569, 570 (9th Cir. 2008) (ordering sealing to protect "confidential and commercially sensitive information," the disclosure of which would cause "irreparabl[e] damage[]"). Microsoft thus respectfully requests that the Court protect Microsoft's highly confidential, commercially sensitive business information

---

[3] Microsoft does not request to seal any of the language in footnote 118 of the May 24, 2024 Economides Report.

5

### III. CONCLUSION

For the reasons set forth above, Microsoft respectfully requests this Court grant Microsoft's motion to seal.

Dated: February 28, 2025

Respectfully submitted,

*s/ Amy W. Ray*
Amy W. Ray
Emily Luken
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: 202-339-8400
Facsimile: 202-339-8500
amyray@orrick.com
eluken@orrick.com

*Attorneys for Non-Party Microsoft Corporation*

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion to Seal complies with the word limitation of Fed. R. App. P. 5(c) because it contains 1,087 words, excluding the parts exempted by Fed. R. App. R. 32(f). This motion also complies with the requirements of Ninth Circuit Rule 5-2(b), as modified by Ninth Circuit Rule 32-3. This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. R. 32(a)(6) because the motion has been prepared in a proportional typeface using Microsoft Word in 14-point Times New Roman font.

<i>s/ Amy W. Ray</i><br>
Amy W. Ray